UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 08 CR 49 |
| Plaintiff, | ) | |
| | ) | Judge Norgle |
| vs. | ) | |
| | ) | |
| MARK KOZIK AND HEIDI KUNZ | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S MOTION FOR SEPARATE TRIALS**

Now comes the UNITED STATES by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, and respectfully moves, pursuant to Federal Rule of Criminal Procedure 14, for separate trials for the defendants, on the ground that consolidation of the defendants for trial appears to prejudice defendant Mark Kozik in light of Heidi Kunz's videotaped oral and written confessions. In support of this motion, the government states as follows:

1.      On January 17, 2008, the grand jury returned an indictment jointly charging Heidi Kunz ("Kunz") and her husband, Mark Kozik ("Kozik") with the bank robbery of National City Bank in Fox Lake, Illinois (Count Five) and with using and carrying a gun in furtherance of the robbery of National City Bank (Count Six). Kunz is also charged with two additional bank robberies (Counts One and Three) and two violations of using and carrying a gun in furtherance of each of these respective bank robberies (Counts Two and Four). Kozik is charged alone in Count Seven with being a felon in possession of a gun. The defendants are properly joined under Federal Rule of Criminal Procedure 8(b). This case is set for a joint trial on August 26, 2008.

2. At the time of defendants' arrest on September 27, 2007, Kozik declined to talk to law enforcement officers (other than making a few incriminating comments), and never confessed to any of the three bank robberies. Kunz, however, confessed to all three bank robberies, providing both a short written statement and a one hour videotaped oral confession, inculpating both Kunz and Kozik. A copy of Kunz's written and videotaped oral confessions have been provided to the defendants and also are provided to the Court in conjunction with the filing of this motion.

3. The government plans to introduce at trial Kunz's written and videotaped oral confessions, to be used against Kunz. Because the written and videotaped oral confessions inextricably inculpate Kozik, the introduction of Kunz's confessions potentially prejudices Kozik if Kunz exercises her right not to testify and thereby precludes Kozik from cross-examining Kunz as to her statements inculpating Kozik. *See Bruton v. United States*, 391 U.S. 123 (1968), holding that the Sixth Amendment forbids the admission of a non-testifying co-defendant's confession that inculpates the defendant. In *Bruton*, two defendants were convicted of armed robbery in a joint trial, in which a postal inspector testified as to one of the defendant's oral confession. The Supreme Court held that the admission of the co-defendant's confession in a joint trial with the defendant constituted reversible error, because it violated the defendant's rights under the Confrontation Clause of the Constitution. The Court held that prejudicial error occurred even though the trial judge gave the jury clear and concise limiting instructions to consider the confession only against the co-defendant.

4. Since *Bruton*, courts have permitted confessions at joint trials when those confessions could be redacted as to the identity to prevent prejudice to the non-confessing defendant. *See United States ex rel. Cole v. Lane*, 752 F.2d 1210, 1220 (7th Cir. 1985). Here, such redaction is simply not

practicable. There is simply no way to redact the videotaped confession in which Kunz provides details of the three bank robberies, because she inextricably inculpates Kozik. Even taking out Kozik's name, there is simply no way that the jury will not know she is implicating Kozik. Similarly, redaction of the written confession still likely will lead the jury to understand that the written confession refers to both Kozik and Kunz, because the written confession refers to Kunz's husband, their home, their honeymoon and Kozik's mother.

5. The government acknowledges the strong public policy in favor of joint trials (particularly in conspiracy trials). *See United States v. Souffront*, 338 F.3d 809, 831 (7th Cir. 2003). Nevertheless, where the potential for prejudice from a co-defendant's confession is present, separate trials is appropriate. *See United States v. Troutman*, 546 F.Supp. 610 (N.D. Ill. 2008). In the absence of such a motion by defendants, it is appropriate for the government to bring the matter before the court. *See United States v. Fregoso-Bonilla*, 494 F.Supp.2d 1014, 1016 (E.D.Wis. 2007)("Although it is almost always a defendant who moves for severance, Rule 14 also permits the government to seek relief if joinder results in prejudice.").

WHEREFORE, the government respectfully requests that this Court set the defendants for separate trials in order to avoid any undue prejudice to Kozik resulting from admission of Kunz's statements.

    Respectfully submitted,

    PATRICK J. FITZGERALD
    United States Attorney

By: *s/Sheri H. Mecklenburg*
    Sheri H. Mecklenburg
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 469-6030

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the **GOVERNMENT'S MOTION FOR SEPARATE TRIALS** was served on July 9, 2008, in accordance with Fed. R. Crim. P. 49 and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

    *s/ Sheri H. Mecklenburg*
Sheri H. Mecklenburg
Assistant United States Attorney
219 S. Dearborn Street
Chicago, Illinois   60604
(312) 469-6030