UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | No. 08 CR 49-1 |
| MARK KOZIK, | Judge Thomas M. Durkin |
| Defendant. | |

MEMORANDUM OPINION AND ORDER

Mark Kozik is currently serving a 294-month term of imprisonment for bank robbery and for using and carrying a firearm in relation to a crime of violence. He filed a motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* R. 196. For the reasons set forth below, that motion is denied.

**Background**

The following facts are taken from the underlying proceedings in Kozik's criminal case. Kozik and his then-wife, Heidi Kunz, committed three separate bank robberies in three months: (1) State Bank and Trust in Lakemoor, Illinois on May 9, 2007; (2) TCF Bank in Spring Grove, Illinois on July 2, 2007; and (3) National City Bank in Fox Lake, Illinois on August 7, 2007. Each time, Kozik planned the robbery in advance, casing the bank. Each time, he entered the bank wearing a wig, a hat, sunglasses, and latex gloves and carrying a gun while Kunz remained in the car. And each time, after entering the bank, Kozik handed the teller a note and placed a gun on the counter with the barrel pointed directly at the teller. In the State Bank and Trust robbery, the note read, "Be calm, give me all the money. No one will get hurt.

1

This is not a joke." In the TCF Bank robbery, the note read, "this is a robbery give me all the money or I will blow your head off." In the National City Bank robbery, the note read, "give me all your money or I'll shoot you in the head, no dye packs, no alarms, or I'll kill you." While Kozik retrieved the notes in the first two robberies, he left the note in the third, which had a fingerprint that led to his arrest.

In January 2009, Kozik was charged with bank robbery under 18 U.S.C. § 2113(a); using and carrying a firearm in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii); and being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). *See* R. 51. Kunz was also charged with the bank robberies and associated Section 924(c) violations.

In March 2010, Kozik pled guilty to three counts of bank robbery and one count of using and carrying a firearm in relation to a crime of violence. Pursuant to the plea agreement, the Government dismissed the two other Section 924(c) counts and the one count of a being a felon in possession of a firearm.

The advisory guidelines range was 262-327 months' imprisonment, based in part on Kozik's five prior convictions, including two that qualified him as a career offender: convictions for residential burglary and production of cannabis. On July 8, 2010, the Court sentenced Kozik to a term of 294 months' imprisonment, comprising 210 months' imprisonment on each of the three bank robberies, to be served concurrently, and 84 months' imprisonment on the Section 924(c) charge, to be served consecutively. *See* R. 125. Kunz, for her part, was sentenced to 181 months'

imprisonment. *See* R. 148. Kozik filed an appeal, which was dismissed based on his waiver of appeal in his plea agreement.

Kozik is 47 years old and is currently incarcerated at FCI Gilmer with a projected release date of October 13, 2028. In October 2022, Kozik filed a motion pursuant to 18 U.S.C. § 3582(c)(1)(A) seeking release from prison.[1] *See* R. 196. The Government opposes the motion. *See* R. 208.

**Legal Standard**

Under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), a court may modify a term of imprisonment upon a motion of the defendant "after the defendant has fully exhausted all administrative rights to appeal" and 30 days have passed without the Bureau of Prisons filing a motion on the defendant's behalf. In determining whether a sentence reduction under § 3582 is appropriate, courts must look to (1) whether "extraordinary and compelling reasons" warrant a reduction; and (2) whether a reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021) (explaining the two-step process for reviewing compassionate release motions); *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020) (holding that the examples of "extraordinary and compelling reasons" listed in § 1B1.13, while not mandatory, are

---

[1] After Kozik filed his motion for compassionate release, this case was reassigned from the Hon. Charles P. Norgle to this Court. *See* R. 197. Following the reassignment, this Court granted Kozik's request for appointed counsel in connection with the present motion. *See* R. 200. Kozik's appointed counsel subsequently stated that after reviewing pertinent records, researching relevant case law, and consulting with his client, he had nothing to add or submit with respect to the motion or in reply to the Government's opposition. *See* R. 207; R. 209.

3

"instructive" in determining the meaning of that term on motions brought by defendants).

## Discussion

The Government does not dispute that Kozik has satisfied the exhaustion requirement. Thus, the question is whether Kozik has met his burden of establishing extraordinary and compelling reasons that warrant release. *See United States v. Barbee*, 25 F.4th 531, 532 (7th Cir. 2022) (citation omitted). Kozik seeks compassionate release on several grounds. The Court addresses each in turn.

To begin, Kozik contends that the disparity between his and Kunz's sentences is an extraordinary and compelling reason that warrants release. Critically, however, he and Kunz were not similarly situated. While Kozik had five prior convictions, Kunz had no criminal history, and thus had a substantially lower advisory guidelines range. *See* R. 71. Kozik does not offer any other examples of individuals with similar criminal histories who received meaningfully lower sentences than him. *Cf. United States v. Logan*, No. 07 CR 270-2, 2023 WL 2771165, at *4–5 (N.D. Ill. Apr. 4, 2023) (finding "significant and unjustifiable disparities" between defendant's sentence and those of other similarly situated defendants in like cases supported compassionate release). Further, it is unlikely Kozik would be able to make such a showing, as he received a sentence that was squarely within the advisory guidelines range.

Kozik also argues that one of the prior convictions relied on in sentencing him as a career offender no longer qualifies as a predicate since possession of marijuana is no longer a crime under Illinois law. As an initial matter, Kozik's status as a career

4

offender derived in part from a conviction for cannabis production, not possession. R. 114 at 15. And the unauthorized production of marijuana plants remains a crime under Illinois law. *See* 720 ILCS 550/8.

In any case, a motion for compassionate release is not the proper vehicle for such challenges to his sentence. *United States v. Carr*, No. 21-3108, 2022 WL 1421441, at *1 (7th Cir. May 5, 2022) (affirming district court's denial of compassionate release where defendant raised an unwarranted sentencing disparity and that his prior state conviction was no longer considered a felony drug predicate); *United States v. Black*, 783 F. App'x 629, 630 (7th Cir. 2019) ("To the extent Black argues that he no longer qualifies as a career offender, a § 3582(c)(2) motion is not the proper vehicle to challenge a career-offender designation."). Rather, "a legal contest to a sentence must be resolved by direct appeal or motion under § 2255." *United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023) (citation omitted). Therefore, Kozik's challenges to the length of his sentence are not extraordinary and compelling reasons that merit compassionate release.

Kozik further argues his medical conditions warrant his release from prison because they put him at risk of serious illness or death if he were to contract COVID. However, Kozik's BOP medical records confirm that his hypertension is being adequately managed through medication. *See* R. 208-2 at 10–11. There is no indication in his medical records that the medications are insufficient to treat his condition. Also, while Kozik asserts that he still has trouble breathing from

5

contracting COVID-19 over two years ago, his medical records indicate normal respiratory function with no shortness of breath or wheezing. *See* R. 208-2 at 8, 9.

Additionally, the Seventh Circuit has made clear that the risk of COVID-19 does not justify compassionate release absent a showing that an inmate is "medically unable to receive or benefit from the available vaccines." *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021). Kozik is vaccinated, having received two doses of the Pfizer vaccine in March 2021. *See* R. 208-1. He has not provided any evidence beyond his hypertension diagnosis that he is unable to benefit from vaccination. *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (affirming denial of compassionate release where defendant merely listed diagnoses without any "individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population"). While Kozik reports that he previously contracted COVID-19 in January 2021, that was before he received the vaccine. *See* R. 196 at 5; 208-2 at 47. Likewise, he has not provided any evidence indicating "he is at greater risk of a dire outcome inside prison than he would be outside." *United States v. Vaughn*, 62 F.4th 1071, 1071 (7th Cir. 2023). As such, the potential risk Kozik faces from COVID-19 in light of his medical conditions is not an extraordinary and compelling reason that justifies his release.

That leaves Kozik's argument that he should be released because he has been rehabilitated. In his motion, Kozik expresses remorse for his actions, cites his employment as a painter and metal finisher and completion of several programs while incarcerated, and states that he hopes to counsel young people to stay away

from drugs and crime upon release. R. 196 at 3–4. While the Court appreciates Kozik's sentiment and applauds his efforts to remain productive while serving his sentence, "rehabilitation alone is not an extraordinary and compelling reason for release." *See United States v. Peoples*, 41 F.4th 837, 841–42 (7th Cir. 2022); *see also United States v. Gaskins*, No. 22-2518, 2023 WL 3299986, at *2 (7th Cir. May 8, 2023).

## Conclusion

In sum, none of Kozik's reasons for compassionate release are extraordinary and compelling, whether considered individually or cumulatively. And because Kozik has not established any extraordinary and compelling reason for release, the Court need not address the § 3553(a) factors. *Ugbah*, 4 F.4th at 598. Therefore, the Court denies Kozik's motion for compassionate release.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: June 1, 2023